IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


WINDSOR PLANTATION, LLC                                    PLAINTIFF

VS.                               CIVIL ACTION NO. 3:06CV221-WHB-JCS

UNITED STATES DEPARTMENT OF AGRICULTURE
BY MIKE JOHNSON, SECRETARY OF AGRICULTURE;
NORTH HINDS WATER ASSOCIATION; MISSISSIPPI
PUBLIC SERVICE COMMISSION; AND HUGH HEFLIN            DEFENDANTS


OPINION AND ORDER

This cause is before the Court on the Motion to Dismiss of Defendant Mississippi Public Service Commission (hereinafter "MPSC").  In its Response to this Motion, Plaintiff included a Motion to Amend the Complaint to include the three Commissioners of the MPSC.  The Court finds that both Motions are well taken and should be granted.

The Complaint in this case was filed with this Court on April 18, 2006.  Plaintiff Windsor Plantation, LLC (hereinafter "Windsor") owns approximately 270 acres of land in Hinds County, Mississippi.  The property was earmarked for a one hundred and ninety lot residential development.  As a part of the development process, Windsor sought water supply service from North Hinds Water Association.  The charges for supplying services to the proposed lots in the subdivision was, according to Windsor, unreasonably high.  Windsor further contends that the unreasonable pricing

violates the provisions of 7 U.S.C. § 1926 _et seq._, which pertains to water facility loans and grants.  Through this cause, Plaintiff seeks various forms of equitable relief to ameliorate the alleged high cost of obtaining water supply service.  The claims are brought under 42 U.S.C. § 1983.

The subject Motion to Dismiss was filed by MPSC on May 5, 2006.  Through the Motion, MPSC contends that it is entitled to Dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure because it is immune from prosecution under the Eleventh Amendment to the United States Constitution.  The Court agrees.

To begin this analysis, the provisions of 42 U.S.C. § 1983 must be set forth.  Section 1983 states:

> Every _person_ who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

(Emphasis added).

As stated above, MPSC contends that it should be dismissed because it is immune from prosecution under the Eleventh Amendment.

The Eleventh Amendment states "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."   Absent consent of a state to be sued in federal court, a suit against a state, a department of a state or officers of a state may not be maintained in federal court.  Hans v. Louisiana, 134 U.S. 1, 9-10, 10 S.Ct. 504, 505 (1890).  Such a suit violates the Eleventh Amendment of the Constitution of the United States. Id.

In Will v. Michigan Dep't of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), the United States Supreme Court applied the sovereign immunity provisions of the Eleventh Amendment to a § 1983 claim against a state agency in Michigan.  The Court held:

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity, Welch v. Texas Dept. of Highways and Public Transportation, 483 U.S. 468, 472-473, 107 S.Ct. 2941, 2945-2946, 97 L.Ed.2d 389 (1987) (plurality opinion), or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

Id. at 66.  The Will Court went on to hold that "neither a State nor its officials acting in their official capacities are 'persons'

under § 1983." Id. at 71.  Accordingly, the dismissal of the § 1983 claim by the lower court was affirmed.  Id.

In the subject case, it is undisputed that MPSC is an agency of the State of Mississippi.  Therefore, under the holdings in Will, this Court finds that MPSC must be dismissed from this case.

Next considered is Plaintiff's prayer to amend the Complaint to join as Defendants the three Commissioners of MPSC in their official capacities.  The Commissioners are: Dorlos "Bo" Robinson, Commissioner of the Northern District; Nielsen Cochran, Commissioner of the Central District; and Leonard Bentz, Commissioner of the Southern District.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a complaint "shall be freely given when justice so requires."  In the subject case, Windsor named MPSC as a Defendant, but it is immune from prosecution.  However, the Commissioners of MPSC are amenable to suit in this Court, so long as they are sued in their official capacities, and Windsor seeks only non-monetary equitable remedies against them.  See Reickenbacker v. Foster, 274 F.3d 974, 976 (5th Cir. 2001)(holding that the Eleventh Amendment is not a bar to suits for injunctive relief against state officials), overruling on other grounds recognized by Pace v. Bogalusa City Sch. Bd., 403 F.3d 272, 277 n.14 (5th Cir. 2005). Under these facts, the Court finds that the Plaintiff's Motion to Amend Complaint should be granted.

Based on the holdings presented above:

IT IS THEREFORE ORDERED that the Motion to Dismiss of Defendant Mississippi Public Service Commission (docket entry no. 5) is hereby granted.  Defendant Mississippi Public Services Commission is hereby dismissed from this case, without prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend Complaint (docket entry no. 9) is hereby granted.  Plaintiff may file its Amended Complaint on or before **Monday, June 12, 2006**.  The _sole_ amendment that the Court is authorizing is the joinder of the three Commissioners of the Mississippi Public Services Commission as Defendants in this case.

SO ORDERED this the 2nd day of June, 2006.


                                    s/ William H. Barbour, Jr.
                                    UNITED STATES DISTRICT JUDGE

tct

5